IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMY STANCZYK,<br><br>   Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>   Defendant. | No. 1:15-cv-00097-LRR<br><br>PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

  PLEASE TAKE NOTICE that the above-named Plaintiff, Amy Stanczyk, through her attorneys, Alan C. Olson & Associates, S.C., by Alan Olson, brings the following motion to amend the complaint to conform to the evidence pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure:

  1. The proposed Amended Complaint, (*See*, Alan Olson Declaration, Ext. A), maintains the counts and allegations against the same defendant from the original complaint, but accounts for the removal to federal court, authorization of Alan Olson to appear *pro hac vice* on behalf of Plaintiff, and significant developments in the evidence since the original Complaint was filed.

  2. This lawsuit was filed in the Iowa District Court in and for Linn County on August 14, 2015, against The Prudential Insurance Company of America under Iowa common law to redress injuries inflicted on Plaintiff by Defendant when it refused in bad faith to pay her benefits pursuant to a Group Long-Term Disability Plan.

  3. This lawsuit was removed to the United States District Court for the Northern

District of Iowa Cedar Rapids Division on September 25, 2015.

4. Defendant has sought discovery of detailed personal, medical and disability claim information from Ms. Stanczyk dating back to 2006, which she has provided in response to Interrogatory Nos. 1, 12, 13, 14, 16, 20 (*See*, Alan Olson Declaration Ext. B); and, Document Request Nos. 6, 12, 14, 15, 16, 17, 18 and 19 (*See*, Alan Olson Declaration Ext. C).

5. On June 16, 2016, Prudential served subpoenas on all of Ms. Stanczyk's 30 healthcare providers for medical records with no time parameters. (*See*, Alan Olson Declaration Ext. D). Many of the records go back to 2006 and earlier.

6. On August 1, 2016, Plaintiff's expert witness, David F. Peterson, provided an expert report which was served on Prudential and filed with the Court. (*See*, Dcts. 36 and 37). Mr. Peterson's report opined, *inter alia*, that, "on 1-19-07, Prudential acknowledged the claim was submitted and sent the Insured the forms to complete. On 2-13-07, the Insured returned her statement, an Attending Physician Statement ("ATS") and medical authorization forms. The statement told Prudential the last day she worked was 3-20-06 and the first date of treatment was 11-17-06." (Dct. 36 at p. 13, par. D (1)); and, "[t]he record showed repeated unreasonable delays in the claim handling and the unreasonable denial of her claims on 5-24-07 and 7-24-08, the termination of her claim on 8-21-13 and the denial of her appeals on 3-26-14 and 1-12-15. All were evidence of an indifferent attitude toward the Insured's rights and her financial condition;". (Dct. 37 at p. 32, par. k).

7. After this suit was filed, and pursuant to Mr. Peterson's review of the records, it was discovered that Prudential made false statements to Ms. Stanczyk in the processing of her claim. For example, "[o]n 7-15-08, Prudential wrote to Olson asserting it had all the reports and now it was going to have one of its Medical Directors review the file so the decision would be

2

made by 8-19-08. The obvious problem with this statement is that Prudential had no records of her treating doctors since 4-20-07 so how could it be a good faith review." (*Id*. at pp. 19-20, par. 16).

8. Mr. Petersen concludes that Prudential's 7-24-08 denial of Ms. Stanczyk's appeal was "below standard and unreasonable for almost the same reasons as the 5-24-07 denial." (*Id*. at p. 20, par. 17).

9. Prudential's failure to review records of Ms. Stanczyk's treating doctors since 4-20-07 continued during its claims processing through August 2013. (*Id*. at pp. 21-22, pars. 18-22, 24, 25).

10. Plaintiff's proposed First Amended Complaint (*See*, Alan Olson Declaration, Ext. A) sets forth averments in bold lettering that are consistent with Mr. Petersen's expert report and the discovery of bad faith actions by Prudential going back to the beginning of Ms. Stanczyk's claim for disability benefits. (*See*, Dcts. 36-37).

11. On September 1, 2016, Defendant issued a second set of discovery requests seeking detailed personal, medical, and disability claim information from Ms. Stanczyk dating back to 2006 pursuant to Interrogatory Nos. 2, 3, 4, 5 and 6 (*See*, Alan Olson Declaration Ext. E); and, Document Request Nos. 2, 3, 4, 5, 7 and 8 (*See*, Alan Olson Declaration Ext. F).

12. Plaintiff's First Amended Complaint sets forth averments in bold lettering that are consistent with Prudential's discovery requests for detailed information dating back to December 2006, and Ms. Stanczyk's responses thereto.

13. Depositions have yet to be conducted in this litigation and Ms. Stanczyk's deposition has yet to be scheduled.

14. A pre-dismissal request for leave to amend, that is, one not meeting the timing

3

requirements of Rule 15(a)(1), is subject to a liberal, "freely given" standard pursuant to Rule 15(a)(2). *Plymouth County, Iowa ex rel. Raymond v. MERSCORP, Inc.*, 287 F.R.D. 449, 455 (N.D.Iowa 2012) citing Fed.R.Civ.P. 15(a)(2)(in cases other than amendment as a matter of course pursuant to Rule 15(a)(1), amendment is only permissible with the opposing party's consent or the court's leave, and "[t]he court should freely give leave when justice so requires"); *United States ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 823 (8th Cir. 2009).

15. Motions to amend the pleadings to conform to the evidence under Rule 15(b) can be made at any time, even after judgment. *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1062 (8th Cir. (Iowa), 1997). Implied consent exists where a party has "actual notice of an unpleaded issue and ha[s] been given an adequate opportunity to cure any surprise resulting from the change in the pleadings." *American Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 348 (C.A.8 (Iowa) 2013), citing *Kim v. Nash Finch Co., supra* at 1063. Prudential has already given implied consent to the amendments by issuing extensive discovery requestsand issuing 30 subpoenas covering the entire time period of Ms. Stanczyk's disability starting in 2006 followed by her initial claim for disability benefits at the beginning of 2007, and through the present time.

16. Prudential will presumably question Ms. Stanczyk on the documents it has gathered going back to at least 2006 and Prudential would suffer no prejudice in the preparation of its case.

17. Plaintiff's amendment to the Complaint does not seek to recast Ms. Stanczyk's claims under a different or new legal theory.

18. Pursuant to Local Rule 7.1, Plaintiff has sought express consent to this motion from Ptrudential's attorney and Prudential does not consent. (*See*, Alan Olson Declaration).

19. Plaintiff certifies that other than this document, David Peterson's expert report

4

(Dcts. 36 and 37) and the Declaration of Alan Olson with exhibits, no memorandum or other supporting papers will be filed in support of this Motion.

WHEREFORE, in the interests of justice and the absence of undue prejudice to Defendant, Plaintiff respectfully requests that this Court grant her Motion for Leave to Amend Complaint and direct the clerk to file the First Amended Complaint attached the Declaration of Alan Olson as Ext. A.

Dated this 8th day of September, 2016.

s/Alan C. Olson
Alan C. Olson, Bar No. 1008953
Attorney for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com

Mark J. Seidl
Seidl & Seidl, PLC
229 Northland Ct. NE
Cedar Rapids, IA 52402