## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

AMY STANCZYK,

        Plaintiff,

vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Defendant.

No. 15-CV-0097-LTS

**ORDER**

_____

### I.    *INTRODUCTION*

This matter is before the Court pursuant to plaintiff Amy Stanczyk's Motion for Leave to Amend Complaint. Doc. 42. Plaintiff originally sued defendant Prudential Insurance Company of America in state court alleging defendant refused in bad faith to pay her insurance benefits pursuant to a Group Long-Term Disability Plan. Doc. 3. Plaintiff's state court petition alleged three counts: Count 1 – Bad Faith by Insurance Company: Assured's Claim; Count 2 – Tortious Breach of Contract; and Count 3 – Breach of Contract. *Id*. Defendant removed the case to this Court. Doc. 2. Plaintiff seeks to amend her complaint as a result of allegedly learning new information in the course of discovery. Plaintiff purports not to seek to add new claims or new parties, but, rather, to amend the complaint to make new factual allegations in support of her three claims. Defendant resists plaintiff's motion. Doc. 45.

A hearing was held before the undersigned on October 13, 2016. Doc. 58. For the reasons that follow, the Court denies plaintiff's motion to amend her complaint.

## II.     STANDARD FOR GRANTING MOTIONS TO AMEND

Federal Rule of Civil Procedure 15 provides that leave to amend shall be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). Courts view motions to amend filed before the deadline set out in the scheduling order with a "liberal policy favoring amendments." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (citing *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1090 (N.D. Cal. 2007)); *see also Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013) (describing the standard as "liberal"). The Rule 15(a) standard is discretionary and leave should only be denied "'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach, MO*, 318 F.3d 832, 844 (8th Cir. 2003)) (internal quotation marks omitted).

"But parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citing *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005)); *see also Hammer*, 318 F.3d at 844 (holding that there is no right to amend pleadings). A court may deny a motion to amend where there was "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006) (internal citation omitted). The court may consider several other factors when deciding whether to grant leave to amend, such as repeated failures to cure deficiencies by amendments previously. *See Brown v. Wallace*, 957 F.2d 564, 565 (8th Cir. 1992).

Where, as here, however, the motion to amend a pleading would require modification of the scheduling order, then a party has the burden of demonstrating good cause. FED. R. CIV. P. 16(b)(4); Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause."). In multiple cases, this Court has discussed the interplay between the liberal amendment provision of Rule 15 and the good cause requirement of Rule 16. *See*, *e.g.*, *Afshar v. WMG, L.C.*, 310 F.R.D. 408, 408-12 (N.D. Iowa 2015); *Pick v. City of Remsen*, 298 F.R.D. 408, 410-12 (N.D. Iowa 2014); *French v. Cummins Filtration, Inc.*, No. C-11-3024-MWB, 2012 WL 2992096 (N.D. Iowa July 19, 2012). In short, the party moving to modify a scheduling order in order to amend a pleading bears the burden of showing "diligence in attempting to meet the order's requirement." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). Although a court may consider prejudice to the non-moving party, courts generally will not address prejudice where a moving party has failed to demonstrate diligence. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

### III. DISCUSSION

The Court finds it is appropriate to deny plaintiff's motion to amend her complaint for several reasons. First, plaintiff failed to comply with Local Rule 15 by alerting the Court to all proposed changes to the complaint. Second, plaintiff's motion, made almost eight months after the deadline for amending pleadings, would require modification of the scheduling order for which plaintiff has failed to demonstrate good cause pursuant to Rule 16(b). Third, plaintiff's motion to amend her complaint to add a count alleging bad faith processing of her insurance claim would be futile. Finally, plaintiff's reliance on Rule 15(b) that she should be able to amend her complaint to conform to the evidence

is misplaced because she is making this motion before trial. The Court will address each of these issues separately.

### A. Compliance With Local Rule 15

Plaintiff seeks to amend her complaint to make new factual allegations in support of her three existing claims, on the ground that she discovered the new information during discovery. Doc. 42. In her motion for leave to amend her complaint, plaintiff indicated that it set forth in bold lettering the changes she proposed making to her complaint. *Id.*, at 3. And, indeed, the proposed amended complaint contains 109 paragraphs in bold type. Plaintiff further avers that her "amendment to the Complaint does not seek to recast [plaintiff's] claims under a different or new legal theory." Doc. 42, at 4.

Plaintiff did not point out either in her motion to amend or by setting out the change in bold type, however, an important change to the wording of Count 1 of her complaint. Count 1 of plaintiff's original complaint alleged defendant acted in bad faith "in denying" plaintiff's claim. Doc. 3, ¶65. Count 1 of plaintiff's proposed amended complaint alleged defendant acted in bad faith "in **processing and** denying" plaintiff's claim. Doc. 44-2, ¶ 174 (bold lettering added by Court). That change is very significant because an allegation of bad faith in the processing of plaintiff's claim purports to give rise to liability by defendant based on different conduct which took place at a different time, and potentially by different people, than those involved in the denial of her insurance claim. Contrary to plaintiff's written assertion, this change does recast her claim under a different and new legal theory.

During the telephonic hearing on this motion, when the Court sought to confirm that all proposed changes were in bold, counsel did mention that he inadvertently failed to bold a change in one of the counts. Even during the hearing, however, counsel did

not point out the change. Moreover, during the hearing counsel maintained that the proposed amended complaint did not alter the nature of her claim or assert a new legal theory.

Local Rule 15 explicitly provides that "[a] party moving to amend or supplement a pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) or (d) must describe in the motion the changes sought . . . ." LR 15. Plaintiff's motion for leave to amend her complaint fails to comply with Local Rule 15. Indeed, intentionally or not, plaintiff's assertion that she did not alter her legal theory, combined with the use of bold type to denote every other change except the change to the operative language of Count 1, had the effect of being misleading. Plaintiff's failure to comply with Local Rule 15 is alone sufficient ground to deny her motion for leave to amend her complaint.

### B. Good Cause to Modify the Scheduling Order to Permit Untimely Amendment

Plaintiff's motion for leave to amend her complaint would require a modification of the Court's Scheduling Order. On December 21, 2015, the Court entered a Scheduling Order and Discovery Plan which, among other things, set a deadline of January 29, 2016, for filing motions to amend pleadings. Doc. 18. Plaintiff filed her motion for leave to amend her complaint on September 8, 2016. In her motion for leave to amend her complaint, plaintiff cites only to Rule 15. Doc. 42, at 4. As noted in Section II above, however, Rule 16 governs this case because plaintiff seeks to amend her complaint after the deadline for doing so has passed. Plaintiff must show good cause justifying the modification of the scheduling order so as to permit plaintiff to file an amended complaint after the deadline. Plaintiff has failed to do so.

The Court takes seriously the discovery deadlines it imposes so as to "secure the just, speedy, and inexpensive determination of every" case. FED. R. CIV. P. 1. The Court expects parties to adhere to the deadlines imposed by the Court, especially when,

as here, the parties themselves propose the deadlines. Although courts should be flexible in permitting parties to amend pleadings in response to new information learned during discovery, the Court must balance that interest against the need for the timely resolution of cases and avoiding prejudice to other litigants.

Plaintiff alleges that "[a]fter this suit was filed . . . it was discovered that [defendant] made false statements to [plaintiff] in the processing of her claim." Doc. 42, at 2. Plaintiff failed to articulate when she learned this information. Plaintiff indicated that her expert issued a report on August 1, 2016, alleging defendant unreasonably delayed the processing of plaintiff's claim. She stated that "[a]fter this suit was filed, and pursuant to [her expert's] review of the records, it was discovered that Prudential made false statements to Ms. Stanczyk in the processing of her claim." Doc. 42, at 2. Plaintiff failed to indicate, however, when she discovered the information upon which her expert relied to issue his August 1, report. She provides no support for the proposition that it took an expert to discover whether a statement was false. During the telephonic hearing on this motion, the Court gave plaintiff's counsel an opportunity to clarify when plaintiff discovered this information, but plaintiff was unable to do so. To demonstrate good cause, plaintiff has an obligation to detail the steps she took to comply with the Court's deadline for amending pleading. She has an obligation to demonstrate that she could not have met the deadline because the information giving rise to the need to amend her complaint came to her knowledge after the deadline. Plaintiff has simply failed to do this. The Court finds plaintiff has not shown she acted with diligence in complying with the deadline for moving to amend her complaint.

Alternatively, the court finds plaintiff has failed to show excusable neglect for moving to modify a deadline after it has passed. As discussed above, the Court may modify a scheduling order for good cause. FED. R. CIV. P. 16(b)(4). This standard presupposes that the party moves to modify the schedule prior to expiration of the

6

deadline.   Rule 16 does not govern where, as here, a party moves to extend deadlines after the deadline has passed.   Rather, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "the court may, for good cause," extend a deadline "on motion made after the time has expired if the parties failed to act because of excusable neglect." Rule 6 applies to "any time period specified in [the Federal Rules of Civil Procedure], [and] in any local rule or court order . . . ."   FED. R. CIV. P. 6 [emphasis added].

The Federal Rules of Civil Procedure do not define "excusable neglect."   In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993), the Supreme Court found that "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."   In determining whether excusable neglect exists, a court therefore must consider "all relevant circumstances surrounding the party's omission." *Id.   See also Fink v. Union Central Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir. 1995) (*citing Pioneer*, 507 U.S. at 395).   These circumstances include:

(1) The danger of prejudice to the non-moving party;

(2) The length of delay and its potential impact on judicial proceedings;

(3) The reason for the delay, including whether it was within the control of the movant; and

(4) Whether the movant acted in good faith.

*Treasurer, Trustees of Drury Industries, Inc. Healthcare Plan and Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (*citing Pioneer*).   The four factors do not, however, carry equal weight; "the excuse given for the late filing must have the greatest import."   *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

In evaluating the relevant circumstances in this case, the Court concludes that plaintiff has failed to demonstrate excusable neglect.   As to prejudice, plaintiff argues there is none for defendant.   Doc, 42, at 4, ¶16.   Defendant disagrees.   Doc. 45, at

11-13. Defendant argues the parties "would almost certainly need additional discovery on the new factual issues raised by the Amended Complaint." *Id.*, at 11. Defendant also argues that it has engaged an expert to opine on the reasonableness of its decision to deny plaintiff's coverage and posits that if the Court permits plaintiff to amend her complaint, it might have to engage an entirely new expert. *Id.*, at 12. Finally, defendant points out that in one paragraph of the proposed amended complaint, plaintiff alleges that defendant was found to have previously acted in bad faith in similar cases. *Id.* Defendant argues this is an attempt to obtain information this Court previously excluded from the scope of discovery, which may force more discovery-related litigation. *Id.*

The scheduling order provided that the discovery deadline was September 30, 2016. Doc. 7. By separate order upon joint motion by the parties, the Court extended the discovery deadline to December 31, 2016. Doc. 46. The deadline for dispositive motions remains October 31, 2016, and trial is scheduled for March 6, 2017. Were the Court to allow plaintiff to amend her complaint, the Court finds that it would require some additional discovery and analysis by defendant's expert. The Court finds the possibility defendant would have to retain a new expert too speculative to merit consideration. The Court does find, however, that were it to allow plaintiff to amend her complaint, it would necessarily require some additional discovery and work by defendant's expert, thereby increasing the costs of litigation. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) ("When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion."). On balance, this factor weighs against plaintiff.

The length of the delay in disclosure weighs against granting plaintiff's motion. Plaintiff's deadline for amending pleadings was January 29, 2016 (Doc. 18). Plaintiff brings this motion almost eight months after the deadline.

The reason for the delay is weak, and weighs heavily against granting plaintiff's motion. As set forth above, plaintiff has failed to proffer any details as to when she learned the information that would have given rise to a claim that defendant acted in bad faith in processing her insurance claim. On the record before the Court, there is simply no showing that plaintiff did not discover, or could not have with diligence have discovered, the information she now relies on in her proposed amended complaint until more than seven months after the deadline for moving to amend her complaint. To the contrary, the evidence in the record suggests this information was available to plaintiff long ago. Plaintiff was represented by counsel throughout the administrative process. *See* Defendant's Group Exhibit A. According to defense counsel's statement during the hearing on this motion, plaintiff was provided with essentially the same information during that administrative process that she has received during discovery. Plaintiff's counsel did not rebut this assertion.

Finally, the Court does not find plaintiff acted in bad faith.

Taking into account all of the relevant circumstances surrounding plaintiff's failure to move to modify the scheduling order until more than seven months after the deadline passed, and giving the greatest weight to the reason for her failure to meet the deadline, the court finds plaintiff has failed to demonstrate good cause or excusable neglect for this failure to move to modify the scheduling order before the deadline passed.

### C. *Futility of Plaintiff's Proposed Amendments*

Defendant argues the Court should deny plaintiff's motion to amend her complaint because the amendments are futile. Doc. 45, at 8-11. Specifically, defendant argues

that allegations that defendant's investigation and handling of plaintiff's insurance claim were inadequate do not state a claim for additional relief. Doc. 45, at 8-9. Defendant also alleges that allegations relating to events prior to August 31, 2010, fall outside the statute of limitations.

An amendment is futile if "'the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedures.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). *See also In re Senior Cottages of Am.*, LLC, 482 F.3d 997, 1001 (8th Cir. 2007) (stating that denial of leave to amend based on futility is appropriate in the face of a legal finding that the proposed complaint could not survive a Rule 12 motion). Accordingly, this Court must determine under the Rule 12(b)(6) standard if plaintiff's proposed amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding a motion to dismiss under Rule 12(b)(6) the Court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court need not, however, accept as true wholly conclusory allegations. *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999). Nor is the Court obligated to accept legal conclusions drawn by party from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

As defendant pointed out in its brief, "[i]t is well settled in Iowa that '[i]n a first-party bad faith claim, "an imperfect investigation, standing alone, is not sufficient cause for recovery if the insurer in fact has an objectively reasonable basis for denying the claim."'" Doc. 45, at 9, citing *Sampson v. Am. Standard Ins. Co.*, 582 N.W.2d 146,

152 (Iowa 1998) (quoting *Reuter v. State Farm Mut. Auto. Ins. Co.*, 469 N.W.2d 250, 254-55 (Iowa 1991)).   Plaintiff did not file a reply brief with contrary authority, and the Court can find none.   Moreover, at argument on this motion, plaintiff did not dispute this proposition.   Rather, plaintiff argued that the additional facts alleged in the proposed amended complaint constitute evidence supporting a claim of bad faith denial of plaintiff's claim.   There are two responses to this argument.   First, as noted, plaintiff's proposed amended complaint adds (not in bold) an allegation of bad faith processing of her insurance claim in Count 1.   Thus, plaintiff is not simply relying on these additional facts to support the allegation of bad faith denial of an insurance claim, but, rather, is relying on them to support a new allegation of bad faith processing of the insurance claim. Second, to the extent plaintiff argues that these additional facts are admissible to show a pattern of bad faith that culminated in the denial of her claim, that is a matter to be governed by the Federal Rules of Evidence.   The trial court may or may not allow plaintiff to introduce evidence of bad faith processing of her claim to support her allegation of a bad faith denial of her claim.   Plaintiff will not be allowed to seek through amendment of her complaint to introduce evidence that might otherwise be inadmissible at trial.

### D. Prejudice to Defendant

As noted above, defendant argues that it would be prejudiced were the Court to allow plaintiff to amend her complaint because "[t]he parties would almost certainly need additional discovery on the new factual issues raised by the Amended Complaint."   Doc. 45, at 11.   Defendant further points out that plaintiff's motion to amend "is a not-so-subtle attempt at seeking information already precluded from discovery by the Court." *Id.*, at 12.   The Court finds that allowing plaintiff to amend her complaint would prejudice defendant by requiring additional discovery with the costs associated with it.

### E. *Amendment to Conform to Evidence*

Plaintiff argues that she should be permitted to amend her complaint to conform to the evidence, pursuant to Rule 15(b) of the Federal Rules of Civil Procedure. Doc. 42, at 4. Plaintiff argues that "Prudential has already given implied consent to the amendments by issuing extensive discovery requests and issuing 30 subpoenas covering the entire time period of [plaintiff's] disability starting in 2006 followed by her initial claim for disability benefits at the beginning of 2007, and through the present time." *Id.* (citing *American Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 348 (8th Cir. 2013)). Defendant argues that conducting discovery of plaintiff's medical records for this time period does not constitute consent to amend the claims; rather, defendant argues that those records are "potentially relevant to understanding how Plaintiff's *capacity* may have changed between when Prudential paid benefits and when it determined that she had the capacity to work again and terminated payments." Doc. 45, at 7 (emphasis in original)

> Rule 15(b) provides in pertinent part:
>
> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.

FED. R. CIV. P. 15(b)(2). Plaintiff's reliance on *Hollander* is misplaced. Rule 15(b)(2) applies to a case during or after a trial; it does not apply here where, before trial, plaintiff seeks to amend her complaint after the deadline for amending pleadings, pursuant to Rule 16(b). *See Jamison v. Depositors Ins. Co.*, 4:14-CV-3009, 2016 WL 361185, at *7 (D. Neb. July 5, 2016) (holding that party could not rely on Rule 15(b)(2) to amend a complaint before trial). Furthermore, the Court does not find that defendant's actions in propounding discovery regarding plaintiff's medical condition

during the time period 2006-2013 constitutes implied consent to allow plaintiff to add a bad faith processing of an insurance claim to a lawsuit alleging bad faith denial of an insurance claim. If, at trial, defendant expressly or impliedly consents to litigate whether it processed plaintiff's claim in good faith, then plaintiff may rely on Rule 15(b)(2) to seek to amend her complaint. *Hollander*, 705 F.3d at 350 ("[A] district court's refusal to permit an amendment before trial does not prevent the court from allowing the amendment if the issue was subsequently tried by the parties' consent.").

## IV.    MAGISTRATE JUDGE'S AUTHORITY

Although neither party has raised the issue, the Court finds it appropriate to address its authority to enter this order, as opposed to issuing a Report and Recommendation to the District Court. A magistrate judge may not enter a final ruling on dispositive motions, pursuant to the authority conferred in Title 28, United States Code, Section 636(b)(1). Although there is some dispute among the federal courts as to whether a motion to amend a complaint is a dispositive motion or a nondispositive motion, "[t]he weight of authority holds that motions to amend pleadings are non-dispositive matters which may be referred to a magistrate judge and reviewed by the district court under the 'clearly erroneous standard.'" *E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 652 n.1 (N.D. Ga. 2008) (internal citation omitted). *See*, *e.g.*, *Reeves v. DSI Sec. Servs., Inc.*, 395 Fed. App'x 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint."); *Palmore v. Hicks*, 383 Fed. App'x 897, 899-900 (11th Cir. 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling.") (citing cases); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) ("The district judge correctly held that the magistrate judge's denial of Hall's motion to amend his complaint was nondispositive, subject only to review for clear error."); *Wingerter v. Chester*

13

*Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1998) (acknowledging magistrate judge was authorized to rule on motion for leave to file third amended complaint); *Morrissey v. ASD Shared Servs., LLC*, 1:12-CV-4345-CAP-AJB, 2013 WL 11330647, at *2 n.2 (N.D. Ga. Sept. 3, 2013) (holding that a motion to amend a complaint is not a dispositive motion); *Knox v. Rhodes*, No. 08-cv-277-JPG, 2010 WL 1444875, at *1 (S.D. Ill. April 9, 2010) (same); *Wilson v. City of N.Y.*, No. 06–CV–229 (ARR)(VVP), 2008 WL 1909212, at *3–4 (E.D. N.Y. Apr. 30, 2008) (same and collecting cases). Further, nowhere in, Federal Rule of Civil Procedure 72(a), and Local Rule 72.1, is it expressed or implied that magistrate judges are without authority to deny leave to amend a complaint. *See also United States v. Brunsman*, Nos. 1:11–cr–014, 1:13–cv–120, 2013 WL 3867233, at *1 (S.D. Ohio July 25, 2013) (holding that magistrate judge did not act *ultra vires* in denying a motion to amend).

Accordingly, the undersigned concludes that a magistrate judge has authority to rule on a motion to amend a complaint and, therefore, resolves plaintiff's motion for leave to amend by order.

## V. CONCLUSION

For the reasons set forth above, the Court **denies** plaintiff's motion for leave to file an amended complaint (Doc. 42).

**IT IS SO ORDERED** this 26th day of October, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa