# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMY STANCZYK,<br><br>       Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>       Defendant. | No. 15-CV-0097-LTS<br><br>**ORDER** |

## I. INTRODUCTION

This matter is before the Court pursuant to defendant Prudential Insurance Company of America's Motion for Leave to Amend Scheduling Order and For Leave to File Amended Answer and Counterclaim. Doc. 75. Plaintiff, Amy Stanczyk, originally sued defendant in state court alleging defendant refused in bad faith to pay her insurance benefits pursuant to a Group Long-Term Disability Plan. Doc. 3. Defendant filed an answer to the complaint, denying liability. Doc. 9. Defendant now seeks to amend its answer and assert a counterclaim alleging plaintiff was ineligible for coverage because she did not work full time. Defendant's counterclaim seeks return of benefits paid by defendant to plaintiff under an unjust enrichment theory. Plaintiff resists defendant's motion. Doc. 80. Plaintiff argues defendant has not shown good cause to modify the Court's scheduling order. Plaintiff also argues the Court should deny defendant's motion to amend on the ground defendant's counterclaim is futile because it is defective for a number of reasons.

On December 5, 2016, the Court heard argument on defendant's motion. For the reasons that follow, the Court grants defendant's motion to amend its answer and bring a counterclaim.

## II.  BACKGROUND

Plaintiff was a certified public accountant who worked as a part-time independent contractor. On July 7, 2004, plaintiff applied for insurance coverage. Doc. 75-5 (Exhibit A). Pursuant to the terms of the policy, for plaintiff to be eligible for coverage, she was required to be "actively at work on full time." Doc. 75-6, at 9 (Exhibit B). The policy defines "full time" as "regularly working 17½ or more hours per week." *Id*. The policy further provides:

> Your Participant Insurance under a Coverage will be delayed if you do not meet the Active Work Requirement on the day your insurance would otherwise begin. Instead, it will begin on the first day you meet the Active Work Requirement and the other requirements for the insurance. The same delay rule will apply to any change in your insurance that is subject to this section. If you do not meet the Active Work Requirement on the day that change would take effect, it will take effect on the first day you meet that requirement.

Doc. 75-6, at 10. The policy again defines "Active Work Requirement" as working full time, meaning "17½ or more hours per week." *Id*., at 18.

On October 13-14, 2016, defendant deposed plaintiff. During her deposition, plaintiff testified that she charged at least $100 per hour (and up to $150 per hour) for work she performed from the mid-1990s until she stopped working in 2006. Doc. 75-7 (Exhibit C, at 31, 116-17). Plaintiff also testified that she would trust her husband's recollection better than her own regarding the most she made in a year because he completed the taxes; plaintiff's husband testified that the "largest revenue year for [plaintiff's] consulting practice was about $60,000." *Id*., at 117.

2

Based on this testimony about plaintiff's hourly rate and maximum revenue, defendant calculated that she worked less than the required 17½ hours per week. Doc. 75-4, at 4. Through further discovery requests, defendant obtained plaintiff's Social Security records. Defendant asserts these records show that plaintiff's actual work hours were even fewer than previously calculated based on plaintiff's husband's recollection of plaintiff's maximum revenue.

Defendant now seeks to amend its answer and assert an unjust enrichment counterclaim against plaintiff, seeking restitution in excess of a quarter of a million dollars. Specifically, defendant's proposed counterclaim asserts, in pertinent part:

10. On July 7, 2004, Stanczyk applied for LTD[1] coverage under the Policy by submitting an application for coverage electronically to Aon Corporation ("Aon"). At that time, Aon received and processed applications for the coverage under the Policy.

11. At the time Stanczyk applied for coverage[,] she was not regularly working 17½ or more hours per week and had not done so for several years.

12. At no time since Stanczyk applied for coverage under the Policy has she regularly worked 17½ hours per week.

13. Stanczyk applied for and ultimately received LTD benefits under the Policy beginning on or about January 18, 2007, less a six month elimination period specified in the Policy.

14. Stanczyk received LTD benefits under the Policy through July 31, 2013[,] in the amount of $3,000 per month.

15. Because Stanczyk has never been eligible for LTD insurance coverage under the Policy, she was paid LTD benefits in the amount

---

[1] LTD refers to defendant's Group Long-Term Disability Plan.

            of $238,900 to which she was not entitled. By paying LTD benefits to Stanczyk, Prudential conferred a benefit upon Stanczyk.

16. Stanczyk voluntarily accepted and retained the payments, and took affirmative actions, and made affirmative representations, in order to procure the payment of the LTD benefits.

17. The entire amount of the payment, less the premiums Stanczyk paid for coverage, is money belonging in good conscience to Prudential.

23. Stanczyk was enriched by the receipt of LTD benefits in the amount of $238,900 less the net premiums she paid for coverage under the Policy, of $2,615.40.

26. Prudential is entitled to restitution in the amount of $236,284.60, which equals the benefits paid by Prudential, less the premiums paid by Stanczyk.

Doc. 75-1, at 29-31.

### III. STANDARD FOR GRANTING MOTIONS TO AMEND

Federal Rule of Civil Procedure 15 provides that leave to amend shall be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). Courts view motions to amend filed before the deadline set out in the scheduling order with a "liberal policy favoring amendments." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (citing *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1090 (N.D. Cal. 2007)); *see also Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013) (describing the standard as "liberal"). The Rule 15(a) standard is discretionary and leave should only be denied "where there are compelling reasons 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility

4

of the amendment.'" *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach, MO*, 318 F.3d 832, 844 (8th Cir. 2003)).

"But parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citing *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005)); *see also Hammer*, 318 F.3d at 844 (holding that there is no right to amend pleadings). A court may deny a motion to amend where there was "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006) (internal quotation marks and citation omitted). The court may consider several other factors when deciding whether to grant leave to amend, such as repeated failures to cure deficiencies by amendments previously. *See Brown v. Wallace*, 957 F.2d 564, 565 (8th Cir. 1992).

Where, as here, however, the motion to amend a pleading would require modification of the scheduling order, then a party has the burden of demonstrating good cause. FED. R. CIV. P. 16(b)(4); Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause."). In multiple cases, this Court has discussed the interplay between the liberal amendment provision of Rule 15 and the good cause requirement of Rule 16. *See*, *e.g.*, *Afshar v. WMG, L.C.*, 310 F.R.D. 408, 408-12 (N.D. Iowa 2015); *Pick v. City of Remsen*, 298 F.R.D. 408, 410-12 (N.D. Iowa 2014); *French v. Cummins Filtration, Inc.*, No. C-11-3024-MWB, 2012 WL 2992096 (N.D. Iowa July 19, 2012). In short, the party moving to modify a scheduling order in order to amend a pleading bears the burden of showing "diligence in attempting to meet

the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). Although a court may consider prejudice to the non-moving party, courts generally will not address prejudice where a moving party has failed to demonstrate diligence. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

The Rule 16(b)(4) standard presupposes, however, that the party moves to modify the schedule prior to the expiration of the deadline. Rule 16 does not necessarily govern where, as here, a party moves to extend deadlines after the deadline has passed. Rather, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "the court may, for good cause," extend a deadline "on motion made after the time has expired if the parties failed to act because of excusable neglect." Rule 6 applies to "any time period specified in [the Federal Rules of Civil Procedure], [and] in any local rule <u>or court order</u> . . .." FED. R. CIV. P. 6(a) (emphasis added).

The Federal Rules of Civil Procedure do not define "excusable neglect." In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993), the Supreme Court found that "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." In determining whether excusable neglect exists, a court therefore must consider "all relevant circumstances surrounding the party's omission." *Id*. *See also Fink v. Union Central Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir. 1995) (*citing Pioneer*, 507 U.S. at 395). These circumstances include:

    (1) the danger of prejudice to the non-moving party;

    (2) the length of delay and its potential impact on judicial proceedings;

    (3) the reason for the delay, including whether it was within the reasonable control of the movant; and

    (4) whether the movant acted in good faith.

*Treasurer, Trustees of Drury Industries, Inc. Healthcare Plan and Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (*citing Pioneer*). The four factors do not, however, carry equal weight; "the excuse given for the late filing must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

## IV. DISCUSSION

The deadline for amending pleadings in this case was January 29, 2016 (Doc. 18), a little over ten months before defendant filed its motion to modify the scheduling order to allow leave to file its amended answer and counterclaim. Accordingly, pursuant to Rules 6 and 16(b), defendant must demonstrate good cause and excusable neglect for the Court to modify the scheduling order to permit it to file an amended answer and counterclaim. Finally, defendant must meet the requirements for amending pleadings pursuant to Rule 15. The Court will apply each of these rules in turn to defendant's motion.

### A. *Rule 16*

Defendant argues it has demonstrated good cause to amend the Court's scheduling order because it "was unable to discover that the Plaintiff failed to meet the active work requirement prior to her deposition." Doc. 75-4, at 4. In her written resistance to defendant's motion, plaintiff devoted only a page to the issue of whether defendant has shown good cause to modify the Court's scheduling order, simply asserting that "Prudential has identified no newly discovered facts or a change in circumstances that give rise to an opportunity to sue [plaintiff] now 10 years after [defendant's] contestability period ended." Doc. 80, at 5. Plaintiff ultimately conceded, at the hearing on this motion, that she could not prove that defendant knew, prior to plaintiff's deposition, the

information upon which it now relies to assert its counterclaim. Plaintiff argued defendant has failed to show good cause, however, because defendant could have easily discovered the number of hours plaintiff worked had it simply looked into the matter earlier.

Defendant asserts that after plaintiff filed suit, it "focused on the Plaintiff's potential work since being approved for benefits in 2006," and "had no reason to request documents before 2006, as the Plaintiff's eligibility for coverage was not an issue in this case." Doc. 75-4, at 4. Defendant argues that it "was only the combination of the (1) the [sic] Plaintiff's deposition testimony about her low levels of earnings, (2) the Social Security document obtained as a result of her deposition testimony showing even lower levels of earnings, and (3) the Plaintiff's deposition testimony about her hourly billing rate that, collectively, told Prudential that the Plaintiff could not possibly have worked enough hours to be eligible for the Policy or its coverage." *Id*. at 5.

The Court finds defendant has demonstrated good cause to modify the scheduling order and amend its answer. Defendant has shown, and plaintiff concedes, that it first learned facts that could give rise to the counterclaim when it deposed plaintiff in October of this year. Defendant has also shown that it then acted with reasonable diligence to conduct further investigation into the facts before moving for leave to file a counterclaim.

Plaintiff argues that defendant could have verified her employment status "by the most cursory investigation at the time the policy was issued by Prudential or at any time during the contestable period." Doc. 80 at 7. Although plaintiff makes this argument in relation to a futility argument, which the Court will address below, this argument could also be a comment on the reasonableness of defendant's diligence. For purposes of Rule 16 good cause analysis, however, the question is not whether a party could have, in the past, obtained the information that would support a motion to amend a pleading, but

8

whether once suit was brought, the party acted with diligence in uncovering the information. In other words, it does not matter for purposes of Rule 16 that defendant could have investigated this issue years ago; what matters is whether it acted with sufficient diligence to investigate the claim after suit was filed. Here, the Court finds it did.

Plaintiff also argued that defendant is simply wrong, and the information upon which it relies to assert its claim does not prove she worked less than full time as required by the policy. Doc. 80, at 1. That may be true, but that is a factual matter that goes to the merits of the claim, not to whether defendant may bring the claim in the first instance. Whether defendant can ultimately prove the claim, in other words, is not the test for whether there is good cause to modify the scheduling order to permit defendant to assert the claim.

Plaintiff does not argue, and the Court finds no basis to conclude, that defendant acted in bad faith in relation to the delay in bringing this motion.

Finally, in assessing whether the Court should modify the scheduling order to permit defendant to file an amended answer and bring a counterclaim, the Court may consider possible prejudice to plaintiff. In her brief, plaintiff argued that she "would be severely prejudiced if [defendant] were permitted to amend its Answer and countersue [plaintiff] this late into the proceedings." Doc. 80, at 21. She asserts it "would be a substantial financial burden" on her and "would certainly [require] additional discovery on the new factual issues raised" by defendant's proposed amendment. Doc. 80, at 22. Plaintiff also suggests that she "would need to seek additional information from its [sic] expert and engage an entirely new expert to formulate a defense" to the countersuit. *Id*. Finally, plaintiff argued that if the Court permits the amendment, it will require a new dispositive motion deadline and may jeopardize the trial date. *Id*., at 22-23. In her

written resistance, plaintiff did not describe the additional discovery she believed the counterclaim would necessitate. At the hearing on the motion, however, plaintiff described some of the documents she believed defendant would need to produce in discovery if the Court permitted defendant to file its counterclaim. She also indicated that she would need to talk to a number of witnesses, including defendant's employees who knew or should have known about the hours plaintiff was working.

The deadline for filing dispositive motions in this case has passed. The deadline for completion of discovery (December 31, 2016) has passed. Trial is scheduled for March 6, 2016.

In the context of Rule 16(b), prejudice includes reopening discovery or requiring a continuance of the trial. *See*, *e.g.*, *National Liberty Corp. v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 917 (8th Cir. 1997) (district court properly denied motion to amend based on prejudice where defendant sought leave to amend to add a counterclaim almost three months after deadline for amendments and after close of discovery); *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (prejudice includes whether the amendment asserts a new claim or defense requiring the opposing party to expend significant additional resources to conduct discovery and prepare for trial, significantly delay resolution of the case, or prevent plaintiff from bringing a timely action in another jurisdiction); *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) (noting that, although delay alone is not sufficient ground to deny leave to amend, adding a new cause of action shortly before trial was prejudicial to the opposing party); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (holding that, although mere delay is not enough to deny leave to amend, leave may be denied when a new claim requires the opponent to expend significant resources to conduct discovery and prepare for the trial, would significantly delay resolution of the dispute, or would prevent the plaintiff from bringing an action in

another jurisdiction). Prejudice may also inhere in denying the plaintiff the opportunity to develop a strategy to oppose the defense, or in permitting an amendment that changes the issues or nature of the case. *See Elema–Schonander, Inc. v. K.C.F. Medical Supply Co., Inc.*, 869 F.2d 1124, 1126 (8th Cir. 1989) (repeated tardiness of responses to discovery and other deadlines coupled with a late-filed motion to amend to assert an answer that would alter the "posture and complexion" of the case constituted prejudice sufficient to deny leave to amend).

The Court finds plaintiff will suffer some prejudice as a result of this late counterclaim. Doubtless, some additional discovery will be necessary, with concomitant costs. The Court is not persuaded that this counterclaim will generate significant new discovery or require a significant expenditure of additional resources. The factual issue is limited to how many hours plaintiff worked during the relevant period, and what defendant knew about her hours. Plaintiff already has documents from defendant's file regarding its knowledge of her hours; she relies on them to oppose the instant motion. It is unclear what additional documents defendant would have in its custody regarding the hours plaintiff worked. Plaintiff has provided only conclusory allegations that she will need a new expert to address this issue and has failed to meaningfully articulate why her current expert would need to seek additional information. Some time remains before trial to complete discovery on this rather finite issue, but realistically, an extension of the deadline to complete discovery is likely required. Likewise, plaintiff may have grounds for filing a motion for summary judgment which would, of course, necessitate the modification of the scheduling order by the Court.

To avoid undue prejudice to plaintiff as a result of allowing defendant to amend its answer and bring a counterclaim, the Court finds there is good cause to modify the scheduling order to provide plaintiff relief. Should plaintiff request it, the Court will

modify the scheduling order to extend the discovery deadline, and/or the deadline for filing a dispositive motion, regarding defendant's counterclaim. Likewise, if plaintiff requests it, the Court will continue the trial.

Accordingly, the Court finds defendant has met the standard under Rule 16 for showing good cause to modify the scheduling order.

### B. *Rule 15*

Because the Court found good cause and excusable neglect exists under Rules 6 and 16 to modify an expired deadline of the scheduling order to permit defendant to file a motion for leave to amend its answer and bring a counterclaim, the Court looks next to Rule 15 to determine whether the amendment should be allowed. Once the Court amends the scheduling order, it should freely grant leave to amend, pursuant to Rule 15(a)(2), "unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016) (internal quotation marks and citation omitted).

Although plaintiff's written resistance did not clearly reference the Rule 15 standard, reading her resistance broadly, it appears plaintiff argues that the amendment should be denied because of (1) undue delay; (2) undue prejudice, and (3) because it would be futile. In ruling on the Rule 16 motion to modify the scheduling order, the Court has addressed the first two arguments. Here, the Court will address plaintiff's claim that the amendment would be futile.

"Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *In re*

*Agriprocessors, Inc.*, No. ADV 10-09131, 2011 WL 4900037, at * 5 (Bankr. N.D. Iowa Oct. 14, 2011) (quoting *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)). *See also In re Senior Cottages of Am. LLC*, 482 F.3d 997, 1001 (8th Cir. 2007) (stating that denial of leave to amend based on futility is appropriate in the face of a legal finding that the proposed complaint could not survive a Rule 12 motion). Accordingly, this Court must determine under the Rule 12(b)(6) standard if defendant's proposed amendment to the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding a motion to dismiss under Rule 12(b)(6) here, the Court assumes all facts in defendant's counterclaim to be true and construes all reasonable inferences from those facts in the light most favorable to defendant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court need not, however, accept as true wholly conclusory allegations. *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999). Nor is the Court obligated to accept legal conclusions drawn by the party from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Plaintiff appears to raise five grounds for why defendant's counterclaim would be futile: (1) defendant's counterclaim is precluded by the incontestability clause in the policy; (2) defendant's policy requirement that plaintiff work full time only applied to her eligibility for coverage; (3) plaintiff truthfully enrolled for coverage; (4) the counterclaim is barred by the statute of limitations; and (5) the counterclaim is barred by laches and estoppel by acquiescence. Plaintiff's arguments fail at this stage of the litigation because they each rely on evidence outside the four corners of the counterclaim itself. That this is clear requires only a review of plaintiff's brief in support of her arguments. Plaintiff

repeatedly cites to documents that are not properly considered in relation to ruling on a Rule 12(b)(6) motion. *See* Doc. 80, at 7-9, 11-13, 15, 17, 19-20.

With regard to plaintiff's statute of limitations argument, on its face it appears the statute of limitations may bar some portion of the proposed counterclaim. Other periods of time when plaintiff received benefits to which defendant claims she was not entitled, however, appear to fall within the statute of limitations. Plaintiff's statute of limitations defense is, at best, therefore, only a partial defense. Moreover, defendant asserts there are grounds for the claim to relate back to the time that would otherwise be barred by the statute of limitations. The viability of the relation back doctrine, however, would turn on facts outside the four corners of defendant's counterclaim. Accordingly, it is not proper to bar defendant from filing the counterclaim. Whether some or all of defendant's counterclaim could survive a motion for summary judgment is another matter not presently before the Court.

Setting aside plaintiff's reliance on facts outside of the pleading to support her argument that the counterclaim is futile because of the incontestability clause, the Court is not persuaded that the incontestability clause would clearly bar the counterclaim. The incontestability clause at issue in this policy appears to be distinguishable from the incontestability clause at issue in *Freed v. Bankers Life Ins. Co. of Nebraska*, 216 N.W.2d 357 (Iowa 1975), upon which plaintiff relies. The incontestability clause at issue in this case does not appear to bar suit unless it is tied to a statement by the insured. *See* Doc. 75-3, at 20 ("This limits Prudential's use of your statements in contesting an amount of that insurance for which you are insured."). The policy at issue in *Freed*, in contrast, contained a blanket prohibition against the insurance company contesting coverage after one year. *Freed*, 216 N.W.2d at 358. This is significant because defendant's counterclaim appears to allege plaintiff was not eligible for coverage because she did not

14

work the required hours, not because she made a false statement about the number of hours she worked.

Ultimately, the Court cannot, at this point, find defendant's counterclaim is clearly futile on its face so as to bar defendant from at least making the claim. Plaintiff may have some significant and perhaps even decisive defenses to defendant's counterclaim, but those defenses are largely, if not completely, reliant upon facts beyond the four corners of defendant's proposed counterclaim. As the Court must assume the facts alleged in that counterclaim to be true, at this stage, the Court cannot find defendant's counterclaim futile.

Accordingly, the Court finds it is appropriate under Rule 15 to grant leave to defendant to file an amended answer and counterclaim.

## V. CONCLUSION

For the reasons set forth above, the Court **grants** defendant's motion for leave to file an amended answer and counterclaim (Doc. 75).

**IT IS SO ORDERED** this 10th day of January, 2017.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa